**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-00279-11<br>CIVIL ACTION NO. 13-3035 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CARLOS B. MOORE | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Carlos B. Moore's ("Moore") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 628). Moore seeks to have his sentence corrected on the grounds of ineffective assistance of counsel and that increasing his sentence for his prior convictions violated the Fifth and Sixth Amendments of the United States Constitution. For the reasons discussed herein, Moore's Motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 28, 2009, a federal grand jury filed charges against Moore and twelve co-defendants in a nine-count indictment. See Record Document 1. The indictment alleged that the defendants had engaged in a conspiracy to possess and distribute more than 50 grams of cocaine base, or crack cocaine, in the Western District of Louisiana. See id.

On January 28, 2010, Moore pleaded guilty to Count Two of the indictment. See Record Documents 164 and 165. On June 14, 2010, the Court sentenced him to 292 months' imprisonment and ten years of supervised release. See Record Documents 250 and 251. Moore appealed his sentence. See Record Document 257. On December 15, 2011, while his appeal was pending, he filed a Motion for Retroactive Application of

Sentencing Guidelines for Crack Cocaine Offenses. See Record Document 446. On June 26, 2012, the Court granted his Motion for Retroactive Application and reduced his sentence to 262 months' imprisonment. See Record Document 480. On March 19, 2013, the Fifth Circuit Court of Appeals affirmed his sentence. See Record Document 561. On November 7, 2013, Moore filed the instant § 2255 Motion. See Record Document 628.

## LAW AND ANALYSIS

I. **Legal Standards**

   A. **Motions to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255**

The federal habeas corpus remedy is contained in 28 U.S.C. § 2255, which provides that a prisoner serving a federal sentence may make a motion to vacate, set aside, or correct his sentence within a year after his conviction has become final. Review under § 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. However, after conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting United States v. Frady, 456 U.S. 152, 164 (1982). According to the Supreme Court, "our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks . . . to the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65.

Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a petitioner wishes to assert issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a petitioner must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Frady, 456 U.S. at 168; Shaid, 937 F.2d at 232. To establish "cause," defendant must show that some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993) (applying the same "cause" standard to a prisoner's second § 2255 motion). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

**B. Ineffective Assistance of Counsel.**

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504 (2003). This "procedural default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by

the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 504. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. See id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. See id. Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under § 2255, regardless of whether such claims could have been raised on direct appeal. See id.

To prevail on claims of ineffective assistance of counsel, a claimant must prove: (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Bryant v. Scott, 28 F.2d 1411, 1414-15 (5th Cir. 1994). Under the first prong of the Strickland analysis, a claimant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence. Id. at 690. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id.

Under the second prong of the Strickland test, a claimant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome."

Strickland, 466 U.S. at 694. A claimant must demonstrate that the attorney's errors "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994) (citation omitted). If a claimant fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Bryant, 28 F.3d at 1415.

## II. Analysis

Moore's claims in his § 2255 Motion are that: (1) his counsel at sentencing was ineffective by allowing Moore to make a *pro se* motion to delay sentencing such that a disparity in sentencing between Moore and his codefendants would be avoided; (2) his appellate counsel was ineffective for failing to raise the issue of a disparity between his sentence and that of his codefendants on appeal; and (3) enhancing his sentence under 21 U.S.C. § 851 for his prior convictions violated the Fifth and Sixth Amendments. See Record Documents 628 and 629. All of these claims are meritless.

### A. Moore's Claim That Counsel at Sentencing Was Ineffective

Moore claims that his counsel at sentencing was ineffective because his counsel, Loyd Thomas ("Thomas"), allowed Moore to make a *pro se* motion to delay his sentencing during allocution with the Court without speaking up and making the argument on behalf of Moore. See Record Documents 628 and 629. Moore alleges that his codefendant James T. Harrison ("Harrison") had not yet been sentenced, and that because of that fact, the Court was unable to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" under 18 U.S.C. § 3553(a)(6). See id. According to Moore, Thomas should have recognized that the Court would be unable to asses this factor if Moore were sentenced

before Harrison, and Thomas therefore should have made the motion for a delay in sentencing on Moore's behalf. See id. Moore argues that this failure by Thomas meets both of the necessary elements of the Strickland test. See id. The Court disagrees. Neither element of the Strickland test is met.

### i. Thomas' Actions Did Not Fall Below an Objective Standard of Reasonableness.

First, Moore failed to show that Thomas' failure to seek a continuance of his sentencing hearing was "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Rule 32(b)(1) of the Federal Rules of Criminal Procedure expressly states that "the Court must impose sentence without unnecessary delay," making it clear that the presumption under the Rules is that sentencing shall occur earlier rather than later. The time limits prescribed in Rule 32 may only be changed for "good cause." Fed. R. Crim. P. 32(b)(2). At sentencing, the Court stated that it found no good reason for delaying sentencing until a later date, and Moore did not provide one. See Record Document 313.

In his Reply brief, Moore states that "it is a sentencing strategy for an (sic) competent attorney to seek a continuance of sentencing to ensure his client any advantages the client could gain, and also to prevent his client from receiving any disadvantages at sentencing." Record Document 667 at 2. Though this may be one of many possible sentencing strategies, subject to the requirement that there be good cause for any delay in sentencing, matters of strategy are generally left up to the discretion of counsel. See, e.g., Castillo v. Stephens, 640 Fed. Appx. 283, 289-94 (5th Cir. 2016). Thus, under this general rule, Thomas' choice to refrain from seeking a continuance of

sentencing is entitled to the presumption that it was encompassed within the wide range of reasonable competence. Strickland, 466 U.S. at 690.

To attempt to overcome this presumption in the instant Motion, Moore argues that delaying sentencing was necessary before the Court could consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" under 18 U.S.C. § 3553(a)(6), particularly the need to evaluate a possible unwarranted disparity between his sentence and that of his co-defendant Harrison. See Record Documents 628 and 629. Thus, he argues that Thomas should have recognized this fact and should have advanced this as "good cause" for delaying sentencing under Rule 32. See id.

This argument has no merit. First, there is no indication from the text of the statute that the Court must take into account the sentences of co-defendants in considering § 3553(a)(6). In fact, the Fifth Circuit has interpreted this factor to require consideration of "the need to avoid disparity *among similarly-situated defendants nationwide*," meaning that there is no requirement that the Court wait until one of his co-defendants is sentenced to impose a sentence upon Moore. United States v. Candia, 454 F.3d 468, 476 (5th Cir. 2006) (emphasis added).

Though Moore points to several cases in which courts have exercised their discretion to consider the sentences of co-defendants in imposing a sentence, none of these cases pronounce a rule that the Court *must* wait to impose a sentence on a defendant until it has considered the sentences that will be imposed upon his co-defendants. See, e.g., United States v. De La Torre Herrerra, 498 Fed. Appx. 896 (11th Cir. 2012) (affirming the district court's sentence granting upward departure from

guidelines range because of defendant's lack of cooperation with authorities in contrast to his co-defendants). Indeed, as a practical matter, it would be difficult to do so, as co-defendants often choose to plead guilty or go to trial at different times in the development of a criminal case, and sentencing always requires the often time-consuming preparation of a presentence report for each defendant. Thus, Moore's proposed rule requiring a court to refrain from sentencing a defendant until his co-defendants are also sentenced is both unsupported by precedent and impractical. As such, he cannot demonstrate that Thomas' failure to seek a continuance solely to compare his sentence with that of his co-defendant Harrison was "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.

Second, Thomas' choice to refrain from seeking a continuance in sentencing was sensible because Moore and Harrison were not "similarly situated." Moore argues that he and Harrison were similarly situated because they pleaded guilty to the same crimes and drug quantities and both received an enhancement of their sentences under 21 U.S.C. § 851. Though these facts certainly render them "similar" in a broad sense, it overlooks the fact that Moore has a more extensive and serious criminal history than Harrison. The Court's review of the presentence reports shows that Moore had two prior convictions for possession of illegal drugs with intent to distribute at sentencing, while Harrison only had one such conviction. See Record Document 562. Harrison had a criminal history category of IV at sentencing, while Moore had a criminal history category of VI, the highest category, after his criminal convictions qualified him as a "Career Offender" under United States Sentencing Guidelines (USSG) § 4B1.1. See id.

As such, Moore and Harrison did not have "similar records" under § 3553(a)(6), and Moore would not be included in any group of "similarly situated" defendants to which the Court would have been obliged to compare Moore's sentence under § 3553(a)(6). See United States v. Fernandez, 443 F.3d 19, 28 (2nd Cir. 2006) ("a disparity between *non-similarly situated* co-defendants is not a valid basis for a claim of error") (emphasis in original); see United States v. Boscarino, 437 F.3d 634, 638 (7th Cir. 2006) ("a sentencing *difference* is not a forbidden 'disparity' if it is justified by legitimate considerations") (emphasis in original). Thus, Thomas committed no error in failing to seek a continuance on Moore's behalf.

### ii. Thomas' Alleged Failures at Sentencing Did Not Render the Proceeding Unreliable and Fundamentally Unfair.

The above rationale also applies to the analysis of the second element of the Strickland test, the requirement that Moore demonstrate prejudice resulting from Thomas' alleged error at sentencing. The Court expressly stated at sentencing that it had considered all of the § 3553(a) factors in imposing Moore's sentence, and that it found that the sentence was correct under those factors. See Record Document 313 at 15. Thus, the Court already considered the possibility of any "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" because it had considered all of the § 3553(a) factors in imposing Moore's sentence. Additionally, because Moore and Harrison were not similarly situated, any disparity between their sentences can reasonably be attributed to that difference. Criminal history is also a mandatory factor to be taken into consideration in sentencing under § 3553(a)(1) ("the history and characteristics of the defendant"), and therefore no

prejudice can be shown from Thomas' failure to seek a continuance of sentencing so that the Court could compare Moore's sentence to Harrison's.

### B. Moore's Claim That Counsel on Appeal Was Ineffective

Moore's second claim is that his appellate counsel was ineffective for failing to argue that the Fair Sentencing Act of 2010 resulted in an unwarranted disparity between his sentence and that of Harrison under 18 U.S.C. § 3553(a)(6). See Record Document 629 at 8-10. Again, he bases this argument on the contention that he and Harrison were similarly situated. However, as explained in Section II, A, i, *supra*, Moore and Harrison were not similarly situated. Appellate counsel are not required to present patently frivolous arguments on appeal, or even to present all non-frivolous points that could have been raised. See Williams v. Collins, 16 F.3d 626, 635 (5th Cir. 1994). The Court has determined that Moore's argument that the Court committed error by failing to consider a sentencing disparity between his sentence and Harrison's has no merit. Thus, at a minimum, Moore cannot meet the second element of the Strickland test by showing any prejudice resulting from his appellate counsel's failure to raise this argument on appeal. See id. (prejudice element of Strickland cannot be met if the arguments that allegedly should have been made on appeal have no merit).

### C. Moore's Claim That Enhancing His Sentence Under 21 U.S.C. § 851 Violated the Fifth and Sixth Amendments

Finally, Moore argues that enhancing his sentence under 21 U.SC. § 851 violated the Fifth and Sixth Amendments of the United States Constitution.[1] See Record Document 629 at 10-13. Citing primarily to nineteenth century jurisprudence, Moore

---

[1] Moore argues that this constitutional claim is jurisdictional, and that he may therefore raise it for the first time in the instant § 2255 Motion. See Record Document 629 at 10. Though this argument is actually not jurisdictional, the Court will briefly address its merits.

argues that traditionally, the constitution required that "the indictment contain allegations of every fact which is legally connected to the punishment in order that the defendant is tried solely on allegations made to the grand jury." See Record Document 629, citing United States v. Reese, 92 U.S. 214 (1876); Plumbly v. Commonwealth, 43 Mass. 413 (1841); Tuttle v. Commonwealth, 68 Mass. 505 (1854).

It is true that "elements of a crime must be charged in an indictment and proved to a jury beyond a reasonable doubt." United States v. O'Brien, 130 S. Ct. 2169, 2174 (2010). However, "sentencing factors, on the other hand, can be proved to a judge at sentencing by a preponderance of the evidence." Id. Sentencing factors "may guide or confine a judge's discretion in sentencing an offender *within the range* prescribed by statute." Id. (emphasis in original). Though it is generally true that "it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed," *increasing the sentencing range* for prior convictions stands as an exception to that general rule. Id., citing Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998). Thus, both (1) using any statutory sentencing factor to enhance a defendant's sentence within the statutory range of permissible sentences and (2) increasing a maximum sentence (i.e., increasing the potential sentencing range) on the basis of the particular sentencing factor of prior convictions are constitutionally permissible. See id.

In Moore's case, his prior convictions merely increased his sentence within the statutory range of potential penalties imposed by 21 U.S.C. §§ 841 and 846. See Record Document 562. The maximum penalty for his crime under those statutes was life in prison. See 21 U.S.C. § 841(b)(1)(A)(iii). Increasing his guidelines range under USSG § 4B1.1

for the prior convictions established by the Government under 21 U.S.C. § 851 and imposing a sentence within that increased range therefore did not violate the Fifth or Sixth Amendments to the Constitution.

## CONCLUSION

Moore is unable to demonstrate both of the necessary elements of the Strickland test for establishing an ineffective assistance of counsel claim on his first two arguments. Moore's third argument fails as a matter of law, as it is incorrect under clear Supreme Court precedent. Therefore, Moore's § 2255 Motion is **DENIED**. Moore's Motion for Modification or Reduction of Sentence (Record Document 717) remains pending before the Court, and a ruling will issue in due course.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 8th day of February, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE