UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 5:09-CR-279-11** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CARLOS B. MOORE (11)** | **MAGISTRATE JUDGE HORNSBY** |

## RULING

Before the Court is a Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act ("FSA") of 2018 filed by Defendant Carlos B. Moore. [ECF No. 916]. Pursuant to his motion, Moore seeks a reduction to his term of imprisonment and a reduction to his term of supervised release. *Id.* at 5. The government opposes the motion, arguing Moore is not eligible for relief under the FSA. [ECF No. 923 at 3-18]. Alternatively, the government urges the Court to consider the factors set forth in 18 U.S.C. § 3553(a) in granting any reduction to Defendant's sentence. *Id.* at 2-3. For the reasons set forth below, Defendant's motion is GRANTED.

## I.
### BACKGROUND

On October 28, 2009, Moore and twelve co-defendants were named in a thirteen-count indictment charging various narcotics and firearms offenses. [ECF No. 1]. Moore was named only in Count 2, which charged him with conspiracy to possess with intent to distribute fifty grams or more of cocaine base (also known as "crack" or "crack cocaine"). On December 11, 2009, the government filed a Notice of Sentencing Enhancement pursuant to 21 U.S.C. § 851, asserting Moore was subject to an enhanced penalty of twenty years to life due to a 2001 conviction for Attempted Possession of Cocaine with Intent to Distribute. [ECF No. 129]. On January 28, 2010, Moore pleaded guilty to Count 2. [ECF No. 164]. According to the factual stipulation in support

of Moore's plea, in January 2009, the Court authorized a Title III wiretap of co-defendant Kevin Goldsmith's cellular telephone. [ECF No. 165-2]. Moore was intercepted on phone calls with Goldsmith discussing the purchase of powder cocaine from Goldsmith that Moore intended to convert into cocaine base and then sell in the Ruston, Louisianan area. *Id.* Goldsmith and two other co-defendants provided information as to the amount of cocaine base they supplied or bought from Moore, which exceeded fifty grams of cocaine base. *Id.*

On June 3, 2010, Moore was sentenced to 292 months of incarceration, to be followed by a ten-year term of supervised release. [ECF Nos. 250, 251]. On June 25, 2012, Moore's term of imprisonment was reduced to 262 months, pursuant to retroactive amendments to the sentencing guidelines. [ECF No. 480]. On March 19, 2013, the Fifth Circuit affirmed Moore's conviction and sentence.[1] [ECF No. 561]. On February 8, 2017, Moore's motion to vacate pursuant to 28 U.S.C. § 2255 was denied. [ECF No. 827].

## II.
### APPLICABLE LAW

On August 3, 2010, after more than two decades of substantial criticism from the United States Sentencing Commission and others in the law enforcement community that the harsh treatment of crack cocaine offenses was fundamentally unfair when compared to offenses involving powder cocaine, Congress passed the Fair Sentencing Act. *Dorsey v. United States*, 567 U.S. 260, 268 (2012). Section 2 of the Fair Sentencing Act amended 21 U.S.C. § 841(b)(1)(A)(iii) by increasing the 50-gram threshold for cocaine base convictions to 280 grams. *See* 124 Stat. at 2372. Section 2 similarly amended § 841(b)(1)(B)(iii) by increasing the 5-gram cocaine base

---

[1] On appeal, Moore argued his sentence should be vacated and his case remanded for resentencing pursuant to the Fair Sentencing Act of 2010, which was enacted two months after Moore was sentenced. [ECF No. 561 at 2]. Because the Fair Sentencing Act of 2010 was not made applicable to defendants sentenced before its enactment, the Fifth Circuit found Moore's claim to be without merit. *Id.* at 3.

threshold to 28 grams. *Id.* The Fair Sentencing Act took effect on August 3, 2010 but applied only to sentences imposed thereafter. *Dorsey* at 264.

In 2018, Congress passed the First Step Act, which made the revised crack cocaine minimums established by the Fair Sentencing Act retroactive. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018). Section 404 of the First Step Act provides:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id.*

### III.
#### ANALYSIS

#### A. Whether Defendant is eligible for relief under the First Step Act

The government contends Moore is ineligible for relief due to the amount of cocaine base attributed to him in the sentencing record. [ECF No. 923 at 3]. The government acknowledges "that this argument was recently rejected by the Fifth Circuit, but makes it to preserve it for future proceedings in this case." *Id.* (citing *United States v. Jackson*, 945 F.3d 315 (5th Cir. 2019)). The Court agrees with the government that this argument is now foreclosed by the Fifth Circuit. In

*Jackson*, the Fifth Circuit held, "[W]hether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'" *Jackson* at 320; *see also United States v. James Roy White*, 2020 WL 2843480, at *2 (5th Cir. June 1, 2020). Here, Moore was convicted of violating a statute for which the penalties were modified by Section 2 of the Fair Sentencing Act, and his violation occurred before August 3, 2010. Moore has not filed a previous motion seeking First Step Act relief, nor was his sentence "previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." Accordingly, the Court finds Moore is eligible for relief under the First Step Act.

### B. Whether Relief is Warranted

In determining the appropriate sentence, the Court has considered the statutory sentencing range, the applicable sentencing guidelines range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and pre- and post-sentencing conduct. *See e.g. Jackson* at 321-22; *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)); *United States v. Allen*, 19-3606, 956 F.3d 355, 357 (6th Cir. 2020). Moore was originally subject to a statutory sentencing range of twenty years to life in prison. Under the First Step Act, Moore's statutory sentencing range is now ten years to life imprisonment. His mandatory term of supervised release has been reduced from ten years to eight. Moore's sentencing guideline range remains 262 to 327 months in prison due to his career offender status. As of this date, Moore has been incarcerated for eleven years (i.e. 132 months). [ECF No. 36; ECF No. 562 at 1].

As to the nature and circumstances of the offense, it is a non-violent narcotics offense involving the sale of cocaine base. There is no indication in the Presentence Investigation Report ("PSR") that Moore engaged in any violent acts or used or possessed any weapons in furtherance of the conspiracy. As to the history and characteristics of this defendant, Moore has four prior convictions incurred from ages twenty-two to twenty-five for non-violent drug offenses. Specifically, he has convictions for simple possession of marijuana, one conviction for possession of marijuana with intent to distribute, and one conviction for attempted possession of cocaine with intent to distribute. [ECF No. 562 at 10-11]. The Court further notes that Moore's parents divorced at age six, and his father died when he was fifteen. Around the time of his father's death, Moore's mother's boyfriend, Michael Williams, moved into the family home and continued residing with Moore and his mother until Moore's incarceration. [ECF No. 562 at 12]. Williams was also charged in Count 2 in this case and subsequently pleaded guilty. Moore dropped out of school in eleventh grade due to his drug use. He continued abusing drugs daily until his arrest in this matter. Moore has five children, four of whom are minors.

Moore is now forty-five years old. His projected release date is June 11, 2028.[2] Moore has been incarcerated for these offenses since he was thirty-four years old. While in the custody of the Bureau of Prisons ("BOP"), Moore has taken numerous educational, vocational and self-improvement classes in furtherance of his rehabilitation, and has completed the non-residential drug treatment program. [ECF No. 916-2 at 1-2]. Most importantly, while in custody Moore has earned his GED. *Id.* at 1. During his incarceration, Moore has worked as a unit orderly and for UNICOR in various capacities, and he has received good work evaluations. *Id.* Moore's security

---

[2] *See* https://www.bop.gov/inmateloc/ (last visited October 23, 2020).

level is minimum, and he is assigned to a prison camp. Moore has had no disciplinary incidents while in custody, which speaks well of his character.

After consideration of the § 3553(a) factors, including the history and characteristics of this Defendant, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, the parties' arguments, and Congress's intent in passage of the First Step Act, the Court determines that a reduction of Defendant's sentence of imprisonment to 180 months (i.e., fifteen years) is sufficient but not greater than necessary to comply with the purposes of sentencing. The Court finds such a sentence is a substantial prison term, commensurate with the crimes Moore committed. In this Court's opinion, a greater sentence is not necessary to prevent unwarranted departures when compared with similar sentences in this era. For these same reasons, the Court will reduce the term of supervised release to eight years. Accordingly,

IT IS HEREBY ORDERED that the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act [ECF No. 916] is GRANTED, and the Court will issue an amended judgment reducing Defendant's term of incarceration to 180 months and reducing Defendant's term of supervised release to eight years.

Except as modified in this paragraph, all other provisions of the Judgment imposed on June 3, 2009 [ECF No. 251], as modified on June 25, 2012 [*see* ECF No. 480], REMAIN in effect.

SIGNED this 2nd day of November, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE